UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ESTER DEBORE MATTHEWS, *pro se*,

Debtor.
_____/

Case No. 13-53684

Chapter 7

Judge Thomas J. Tucker

WILLIAM G WIZINSKY, *pro se*,

Plaintiff,

v.

ESTER DEBORE MATTHEWS, *pro se*,

Defendant.
_____/

Adv. Pro. No. 13-5195

**OPINION REGARDING JUDGMENT TO BE ENTERED,
WHICH WILL TERMINATE THIS ADVERSARY PROCEEDING**

In this adversary proceeding, Plaintiff William G. Wizinsky ("Wizinsky"), seeks a judgment (1) determining that the alleged debt that Debtor/Defendant Ester Debore Matthews ("Matthews") owes to him is nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6), and (2) denying Matthews's discharge under 11 U.S.C. § 727(a). Wizinsky also filed a motion in Matthews's bankruptcy case to dismiss that case (Docket # 31 in Case No. 13-53684, the "Motion to Dismiss"). The Court previously ordered that the Motion to Dismiss be "consolidated with, and will be heard and determined in, [this adversary proceeding], and is subject to further proceedings that will be governed by a scheduling order to be entered in [this adversary proceeding]." (S*ee* "Order Consolidating Creditor William G. Wizinsky's Motion to Dismiss With Adversary Proceeding No. 13-5195" (Docket # 73) in Case No. 13-53684.)

On February 5, 2014, the Court held a hearing on Wizinsky's objection to Matthews's amended claim of exemptions, filed in the main bankruptcy case (Docket # 82 in Case No. 13-53684, the "Objection"). During that hearing, Matthews expressed a desire and a willingness to have an order entered in this adversary proceeding, determining that any debt she owes to Wizinsky is nondischargeable under 11 U.S.C. § 523, to resolve this adversary proceeding and permit her bankruptcy case to proceed. Wizinsky responded to Matthews's offer by stating that entry of such an order would not be completely satisfactory to him. Wizinsky stated that even if such an order was entered, he would still seek financial reimbursement from Matthews, as part of his Motion to Dismiss. The Court noted that based on what the parties had said at the hearing, the parties were not yet at the point where they had agreed to terms that would terminate completely the pending adversary proceeding and the Motion to Dismiss. Nevertheless, the Court encouraged the parties to discuss and attempt to negotiate a settlement along the lines that the parties had discussed during the hearing.

On March 10, 2014, the Court *sua sponte* entered an order entitled "Show-Cause Order, and Order Temporarily Staying This Adversary Proceeding" (Docket # 65, the "Show-Cause Order"), which stated, in part:

> The parties have not yet agreed to settle all of the disputes between them in this adversary proceeding. However, the agreement of both parties is not necessary for the Court to enter an order determining that any debt that Matthews owes to Wizinsky is nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). The Court could enter such an order if Matthews alone consented to its entry. The Court will now give Matthews the opportunity to consent to such an order (the "§ 523(a) Order").
>
> The Court concludes that entry of such an order would settle any ongoing "case or controversy" between the parties in this

adversary proceeding, because it would eliminate Wizinsky's standing to pursue any § 727 action or the dismissal of Debtor's bankruptcy case, and it would end this Court's subject matter jurisdiction over this adversary proceeding. *See generally Mapley v. Mapley* (*In re Mapley*), 437 B.R. 225, 227-30 (Bankr. E.D. Mich. 2010) (copy attached). This is so because such an order would eliminate the possibility of Wizinsky suffering the only injury that his complaint or his Motion to Dismiss seeks to avoid – the discharge of Matthews's debt to him. If the § 523(a) Order is entered, Matthews's debt to Wizinsky would not be discharged even if Matthews obtains a discharge in her Chapter 7 case. As a result, there would be no injury to Wizinsky that the Court could remedy by denying Matthews a discharge under 11 U.S.C. § 727(a) or dismissing her bankruptcy case. In other words, the Court could grant no meaningful relief to Wizinsky based on his § 727 action, or his Motion to Dismiss, because Wizinsky would have already received all of the relief to which he was entitled based on the injury he claimed. And Wizinsky "does not have standing to object to the Debtor's discharge solely on behalf of *other* creditors." *See Mapley*, 437 B.R. at 229 (citing *Day v. Klingler* (*In re Klingler*), 301 B.R. 519, 523-24 (Bankr. N.D. Ill. 2003)).

For these reasons,

IT IS ORDERED that:

1. No later than **March 24, 2014**, Wizinsky and Matthews each must file a written response to this Order, showing cause why the Court should not enter an order (i) determining that any debt owed by Matthews to Wizinsky is nondischargable under 11 U.S.C. §§ 523(a)(2), and 523(a)(6); (ii) then dismissing the remainder of this adversary proceeding, for lack of subject matter jurisdiction; and (iii) denying Wizinsky's Motion to Dismiss.

2. Matthews must state in her written response whether or not she consents to entry of an order determining that any debt to Wizinsky is nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). Mathews is ***not*** required to consent to such an order – that decision is entirely up to her.

3

> 3. All further proceedings in this adversary proceeding are stayed, effective immediately, until further order of this Court. That means that no further motions and/or responses to motions, and no further discovery requests and/or responses to discovery, may be filed by either party, and no further discovery requests or subpoenas may be served upon any third party, until further order of this Court.

(Emphasis in original).

Matthews and Wizinsky each filed a timely response to the Show-Cause Order (Docket ## 70, 72), which the Court has reviewed and considered. Neither party opposes the entry of an order of the type proposed in the Show-Cause Order. Rather, each party consents to the entry of such an order. In Matthews's response (Docket # 70), she expressly consented to entry of an order determining that any debt she owes to Wizinsky is nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). In Wizinsky's response, he states that he "supports this order as a total settlement means for this case if the Court includes in the final order that 'any debt owed by Matthews to Wizinsky is nondischargeable under 11 [U.S.C. §§] 523(a)(2) and 523(a)(6)' **and that the stay on that debt is lifted, whereas garnishment can occur immediately**." (Docket # 72 at 3)(emphasis in original).

The condition stated by Wizinsky in his response, regarding garnishment, will be one of the results of the entry of the order of nondischargeability under §§ 523(a)(2) and 523(a)(6). *See generally Boatmen's Bank of Tennessee v. Embry* (*In re Embry*), 10 F.3d 401 (6th Cir. 1993). In the *Embry* case, the United States Court of Appeals for the Sixth Circuit held that the phrase "the time a discharge is granted or denied" in 11 U.S.C. § 362(c)(2)(C) includes not only the time when a Chapter 7 debtor's discharge is denied altogether under 11 U.S.C. § 727(a), but also the

4

time when an individual creditor's debt is determined by the bankruptcy court to be nondischargeable under § 523(a). As a result, when the bankruptcy court determines that a particular debt is nondischargeable under one or more provisions of § 523(a), the automatic stay terminates under § 362(c)(2)(C), with respect to any act that creditor may take to collect the nondischargeable debt, *other than acts against property of the bankruptcy estate*. *See* 10 F.3d at 403-04. Thus, as soon as the Court enters an order determining that Matthews's debt to Wizinsky is nondischargeable under §§ 523(a)(2) and 523(a)(6), the automatic stay will no longer prevent Wizinsky from attempting to collect his debt from Matthews by garnishing her post-petition wages. Any such wages, earned for services performed by Matthews after Matthews filed her bankruptcy petition on July 16, 2013, are not property of the bankruptcy estate in Matthews's Chapter 7 bankruptcy case. *See, e.g.*, 11 U.S.C. § 541(a)(6).

The Court explained this to both of the parties, during the February 5, 2014 hearing. During that hearing, attended by both Matthews and Wizinsky, the Court explained to Matthews that entry of an order, determining that any debt she owed to Wizinsky was nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6), would permit Wizinsky to immediately attempt to collect from her outside of bankruptcy any debt she allegedly owed him. The Court stated:

> If there is an order entered in connection with your bankruptcy case that says that [Wizinsky's] debt is excepted from discharge - not discharged by a discharge that you get in your bankruptcy case, what that means is that he will be able then to immediately try to collect from you the debt that he claims that you owe him, including the judgment debt, he has a judgment against you as I recall, outside of bankruptcy, and that presumably will continue and it can continue. It is not going to make him go away probably. He is going to try to collect the debt from you outside of the bankruptcy case, I presume. But if what you are saying is that you want to just move forward here and get a discharge of your other

> debts in your bankruptcy case and let him have a judgment that
> says that his debt is not discharged and just go from there and let
> him basically have at it and try to collect from you, his debt, then I
> think that can be done if the parties agree to that, or perhaps even if
> the parties don't agree to that.[1]

Having been warned of this consequence of a nondischargeability order, Matthews nonetheless later consented to entry of such an order, in her written response to the Court's Show-Cause Order, which Matthews filed on March 12, 2014 (Docket # 70).

Because the parties have agreed to such an order, and for the reasons stated in the Show-Cause Order, quoted above, the Court will enter a separate order:

1. That determines that any debt Matthews owes to Wizinsky is nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6);

2. That dismisses the remainder of this adversary proceeding, for lack of subject matter jurisdiction;

3. That denies Wizinsky's Motion to Dismiss (Docket # 31 in Case No. 13-53684); and

4. That determines that the automatic stay of 11 U.S.C. § 362(a) is terminated with respect to any efforts by Wizinsky to collect on his claim(s) against Matthews, to the extent provided in 11 U.S.C. § 362(c)(2). *See generally Boatmen's Bank of Tennessee v. Embry* (*In re Embry*), 10 F.3d 401 (6th Cir. 1993).

**Signed on March 24, 2014**                /s/ Thomas J. Tucker
                                            **Thomas J. Tucker**
                                            **United States Bankruptcy Judge**

---

[1] There is no transcript on file of the February 5, 2014 hearing, but there is an .mp3 audio recording of the hearing on file in the main bankruptcy case, Case No. 13-53684, at Docket # 89. The quoted statements by the Court may be heard at 17:06-18:29 of the .mp3 recording. (Docket # 89).